1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR EVANS, ) | CV F 07-0130 AWI SMS |
| ) | |
| **Plaintiff**, ) | |
| ) | **ORDER ON DEFENDANTS'** |
| **v.** ) | **MOTION TO DISMISS** |
| ) | **PURSUANT TO FRCP 12(b)(6) .** |
| VALERO ENERGY CORPORATION, ) | |
| and KELLY MILLER, ) | |
| ) | **Document # 13** |
| **Defendants.** ) | |
| _____ ) | |

        This is an action for damages arising out of an alleged false citizen's arrest effectuated
by individual defendant Kelly Miller ("Miller"), that occurred on the business premises of
defendant Valero Energy Services, Inc. ("Valero") (collectively "Defendants").  Pro se
plaintiff Jamar Evans' ("Plaintiff's") complaint alleges a claim for relief pursuant to
42 U.S.C., section 1983.  The complaint also alleges a total of six other claims, apparently
pursuant to California common law, for equitable estoppel, premises liability, abuse of
process, negligence, misrepresentation, and infliction of emotional distress.  In the instant
motion, defendants Valero and Miller (collectively, "Defendants") seek to dismiss the action
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        Valero owns a gas service station and mini-market in Atwater that is situated adjacent
to Plaintiff's home.  Plaintiff alleges he visits the mini-market two or three times a day.

1    Miller was an attendant/shopkeeper employed by Valero in the Atwater store at the time of

2    the events giving rise to this case.  The facts set forth in the complaint paint a rather sketchy

3    picture.  Apparently, Plaintiff entered the Valero store on December 6, 2006.  After standing

4    in line to buy cigarettes for some time, Plaintiff commented that he "should have prepared to

5    come to [sic] today, prepared to watch the 30 minute national broadcast of 'the Kelly Show'

6    at Valero."  Complaint at 2:28-3:1.  Plaintiff alleges Miller told Plaintiff to leave the premises

7    at once or the police would be called.  Plaintiff alleges he requested a complaint form from

8    Miller and encouraged Miller to call the Atwater Police Department.  Plaintiff waited at the

9    edge of the store front door waiting for Miller to make the call to the Atwater Police

10   Department.

11       Plaintiff alleges Miller "used excessive force with the intent to inflict unnecessary

12   harm upon [Plaintiff] and such use of force cause [sic] mental injuries to him."  Complaint at

13   ¶ 17.  Plaintiff also alleges excessive force in violation of Plaintiff's Fourth Amendment and

14   Due Process rights.  Plaintiff's complaint does not set forth any facts describing what, if any,

15   force was actually used, or when or by whom he was placed in custody, or whether any form

16   of physical restraint was employed.  The complaint alleges Plaintiff's arrest "was made under

17   color of the authority of [Valero] and/or Atwater Police Department."  Complaint at ¶ 18.

18   The complaint does not allege what, if any, role the Atwater Police Department actually

19   played in Plaintiff's arrest; if in fact there was an arrest.

20       Plaintiff filed his complaint in Merced County Superior Court on December 18, 2006.

21   Defendants removed to this court on January 19, 2007.  Defendants' motion to dismiss was

22   filed on January 26, 2007.  Plaintiff filed "Motion to Strike Defendants' Motion to Dismiss

23   Plaintiff's Complaint" on February 1, 2007.  The court construes Plaintiff's filing to be an

24   opposition to Defendants' motion to dismiss.  On February 9, 2007, Defendants filed an

25   opposition to Plaintiff's motion to strike.  This document is construed by the court as a reply

26   to the Plaintiff's opposition to the motion to dismiss.

27                              **LEGAL STANDARD**

28       A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

                                         2

Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th  Cir.1981).

## DISCUSSION

The court first addresses Plaintiff's claim pursuant to 42 U.S.C., section 1983 (hereinafter "section 1983").  Section 1983 provides that a person acting under color of state law is liable for the violation of any privilege or immunity granted by the United States Constitution. 42 U.S.C.. § 1983 .  To prove a violation of section 1983, Plaintiff must show Defendants (1) deprived him "of a right secured by the Constitution, and (2) acted under color of state law." <u>Collins v. Womancare</u>, 878 F.2d 1145, 1147 (9 Cir. 1989).  The Fourteenth Amendment, which incorporates the Fourth Amendment prohibition against unreasonable search and seizure against the states, "applies only against acts of a state, i.e. 'State action.' [Citation.] The Fourteenth Amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.' [Citation.]" <u>Id.</u>

The complaint is largely unintelligible.  As an initial matter, the court notes that Plaintiff's claim pursuant to section 1983 is flawed because it fails to allege a constitutional violation.  The language of Plaintiff's claim merely intones the language of section 1983, and incorporates no facts.  The general factual background presented by the complaint merely

3

states that defendant Miller told Plaintiff to leave the premises and threatened to call the police if he did not comply. Plaintiff alleges in his complaint that he encouraged Miller to call the police and then waited by the front door for the police to arrive. The court might assume that Plaintiff is trying to allege a false citizen's arrest in violation of the Fourth Amendment, but there is no allegation of a seizure, detention, arrest or any act by Miller that could be interpreted as impinging on Plaintiff's Fourth Amendment rights. So far as can be discerned from the complaint, Plaintiff was free to leave at any time prior to the arrival of the police, assuming the police ever arrived. Plaintiff appears to allege the use of "excessive force with the intent to inflict unnecessary harm upon Plaintiff," but fails to set forth any facts to support the allegation of excessive force. The complaint alleges Plaintiff was arrested, but fails to set forth facts indicating who carried out the arrest and what force, if any, was used.

Unintelligibility notwithstanding, the complaint has a deeper flaw that renders any claim for civil rights violation pursuant to section 1983 futile; there is no state action. Accepting the facts of the complaint as true, the most the court can find, after making every reasonable inference in Plaintiff's favor, is that Miller called the police and made a complaint. It is well settled that merely complaining to the police "does not convert a private party into a state actor." Id. at 1145 (citing Rivera v. Green, 775 F.2d 1381, 1382-84 (9th Cir. 1985).

Even if the court accepts that Plaintiff could amend the complaint, adding facts that support an allegation that Miller carried out a citizen's arrest, those new facts would be insufficient to support a claim of constitutional deprivation. "When addressing whether a private party acted under color of law, we [. . .] start with the presumption that the private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). In Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), the Supreme Court set forth a two-pronged inquiry to determine if there was government action. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the state is responsible. [. . . .] Second, the party charged with the deprivation must be

4

1    a person who may fairly be said to be a state actor." Id. at 937.  The inquiry is individualized

2    and factually dependent and each claim of state action must be examined in light of the

3    totality of the circumstances surrounding the challenged action.  Collins, 878 F.2d at 1150.

4              In Collins, the Ninth Circuit directly addressed the status of a private individual

5    effectuating a citizen's arrest.  The Collins court, applying the analytical framework of Lugar,

6    concluded that a plaintiff alleging a civil rights violation resulting from a citizen's arrest

7    necessarily alleged that the defendants acted according to a right or privilege created by

8    California's citizen's arrest statute located at California Penal Code, section 834.  Id. at 1151.

9    After extensive analysis, the Collins, court concluded that where a section 1983 claim is

10   based on a citizen's arrest carried out by a *private* individual, the first prong of the Lugar test

11   is not satisfied because the claim depends on the violation of the citizen's arrest statute.

12   Under this theory, the defendant cannot be said to be acting in *accordance* with a state

13   created right, rather the defendant is necessarily alleged to be acting *in opposition to* the state

14   statute.  Id. at 1553.  The Collins court concluded that, where the theory of constitutional

15   injury is improper citizen's arrest by a private individual, there is no state action and therefore

16   the alleged claim pursuant to section 1983 must fail.

17             It cannot be disputed that Defendants in this case are private parties and that no public

18   officials or entities are a party.  Notwithstanding the insufficiency of Plaintiff's factual

19   allegations, it is clear that Plaintiff's claim of violation of a constitutional right is based on

20   his alleged arrest.  In this regard, there are only two possibilities; either Plaintiff means to

21   allege that Miller carried out a citizen's arrest on Plaintiff, or Plaintiff alleges Miller did not

22   carry out the arrest but merely called the police.  In either situation, the action Plaintiff

23   alleges is private action.

24             "In order for private conduct to constitute governmental action, 'something more'

25   must be present."  Sutton, 192 F.3d at 835.  Courts have looked to four factors to find the

26   "something more" where private action is alleged to represent state action for purposes of an

27   action pursuant to section 1983: (1) public function, (2) joint action, (3) governmental

28   compulsion, and (4) governmental nexus.  Id. at 835-836.  Based on the information alleged

5

in the complaint, the court cannot conceive of any way that the facts alleged in the complaint can be recast to allege any of the factors listed above are present in this case. At most, Miller called the police and detained Plaintiff until police arrived. The action complained of here served the purely private function of removing an unwanted person from a private premises by allegedly coercive means. The act of calling the police does not transform this purely private action into any sort of joint action nor does it establish a governmental nexus. See generally Collins, 878 F.2d at 1154-1156. Because Plaintiff's complaint does not, and reasonably cannot allege state action, Plaintiff has not and cannot state a claim for violation of a constitutional right pursuant to section 1983.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Here, the court has determined that under any theory of recovery that is compatible with the alleged facts, Plaintiff cannot maintain a claim pursuant to section 1983 because there is no state action. Plaintiff's claim pursuant to section 1983 will therefore be dismissed without leave to amend.

This case was removed to this court pursuant to 28 U.S.C., section 1441(b) on the ground of federal subject matter jurisdiction pursuant to 28 U.S.C., section 1331. "Once a federal court acquires jurisdiction of a case on removal, it also acquires jurisdiction over pendent state law claims, whether or not the federal claim proves out. [Citations.]" Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1430 (9th Cir. 1984). "[P]endent jurisdiction 'is a doctrine of discretion , not of plaintiff's right,' [citation,] and [. . .] district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons [citation]." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726-727 (1966)). The Supreme Court has held that district courts should "'deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.' [Citation.]" City of Chicago, 522 U.S. at 172-173. District

courts have statutory authority to decline pendent or supplemental jurisdiction where the district court has dismissed all claims over which it had original jurisdiction and/or where state law claims predominate. 28 U.S.C., section 1367(c).

Here, the court finds the interests of judicial economy and comity, as well as the convenience of and fairness to the parties, are best served if the court declines to exercise pendent jurisdiction over the remaining state law claims. Because there is no remaining federal claim in this case, the court finds the state court is in the best position to determine whether Plaintiff's state law claims can be maintained and whether and under what circumstances any dismissed claims may be amended. Also, the court notes Plaintiff's concern that he lacks transportation to the district court and would be at a relative disadvantage if the case were to proceed in this court. Thus, the interests of fairness and equality of access to the court are best served if this case is returned to Merced County Superior Court. The court finds no prejudice to either party since there is no indication that there has been significant discovery in this case or that either party has invested a great deal of time or effort in proceedings before this court.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that Defendants' motion to dismiss is GRANTED as to Plaintiff's claim for relief pursuant to 42 U.S.C., section 1983 only. The court hereby ORDERS Plaintiff's remaining state law claims REMANDED to the Superior Court of Merced County.

IT IS SO ORDERED.

**Dated:    March 5, 2007   **                    _____/s/ Anthony W. Ishii_____
0m8i78                                            UNITED STATES DISTRICT JUDGE

7